IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 20-1383-CFC |
| | ) |
| KATHY JENNINGS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I.    INTRODUCTION**

Plaintiff Huguette Nicole Young ("Plaintiff"), who proceeds *pro se*, commenced this action on October 13, 2020. (D.I. 2)  At the same time, she filed a motion for leave to proceed *in forma pauperis*. (D.I. 1)  On October 26, 2020, the Court ordered Plaintiff to fully complete her responses to AO Form 239, Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) or to pay the $400 filing fee in full. (D.I. 6)  On November 9, 2020, Plaintiff filed a motion for reconsideration. (D.I. 8)

**II.    DISCUSSION**

Plaintiff moves for reconsideration on the grounds that the $400 filing fee should be reduced by half regardless of her financial status. She argues that 28 U.S.C. § 1914 violates her First Amendment right to petition the government for redress of grievances because it does not offer some privilege or special treatment for filing fees in cases that raise constitutional challenges to local, state, or federal laws. She also

1

argues that she should be granted *in forma pauperis* status solely on the basis that she receives SNAP benefits and has had no other income for two months.

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Upon review of the filings in the case, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's

October 26, 2020 Order. The Plaintiff is incorrect that her request to proceed *in forma pauperis* was denied. The request remains pending. Plaintiff was ordered to fully answer the questions in her request to proceed *in forma pauperis* so that the Court may make an informed decision on whether the grant of *in forma pauper* status is appropriate. If it is not, then by statute Plaintiff must pay the $400 filing fee in full. *See* 28 U.S.C. § 1914. The statute does not provide for half payments of the $400 filing fee nor does it in any way violate the First Amendment right to access the court. Should Plaintiff wish to proceed with this case, then she must comply with the Court's October 26, 2020 order so that the Court may determine whether her request to proceed *in forma pauperis* should be granted. Should it not granted, then by statute, Plaintiff must pay the $400 filing fee.

### III. CONCLUSION

For the above reasons, the Court will deny the motion for reconsideration. (D.I. 8) Plaintiff will be given additional time to comply with the Court's October 26, 2020 order.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

December 8, 2020
Wilmington, Delaware